**Susano CASTRO DEL VALLE,**
**Petitioner, Appellant,**

v.

**ALCOA STEAMSHIP COMPANY, Inc.,**
**et al., Respondents, Appellees.**

**No. 5836.**

United States Court of Appeals
First Circuit.

March 12, 1962.

See, also, 291 F.2d 745.

Stanley L. Feldstein, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for appellant.

A. Torres Braschi, San Juan P. R., with whom L. E. Dubon and Luis E. Dubon, Jr., San Juan, P. R., were on brief for appellee.

Before WOODBURY, Chief Judge, and ALDRICH and GANEY,* Circuit Judges.

ALDRICH, Circuit Judge.

The Superior Court of Puerto Rico, trying a personal injury suit without jury and deciding in favor of the plaintiff, made separate detailed findings of fact pursuant to its local rule. Rule 43.1, Rules of Civil Procedure for the General Court of Justice, 1958, 32 L.P.R.A.Appendix. It found that the plaintiff was severely and permanently disabled; that his medical expenses had al-

ready been paid for; that his lost earnings to date of trial were $6,240; [1] that the properly discounted value of his future earnings was $20,800; and that he had had physical and mental suffering and inconvenience from his loss of functions. It is not clear what monetary figure the court ascribed to this last. The exact finding, after the earlier paragraphs on loss of earnings, was as follows:

"The plaintiff has remained with a marked physical incapacity which will prevent him during the rest of his life [from enjoying] some of the normal functions and activities of life, in addition to having had physical and mental sufferings, for which the Court concludes that the just and reasonable compensation in its total should be the sum of $25,000.00."

Plaintiff claims this meant a total of $25,000 for the discomforts of incapacity, pain and suffering alone. Defendant may contend that it meant $25,000 less damages to future earning capacity of $20,800 or $4,200—a question we do not feel called upon to resolve [2]—but we do not see how it can be said that the court did not make some dollar finding for these more personal matters. Even if defendant is correct, it seems apparent that the total of the individual damage findings came to $31,240. The superior court, however, without explanation, entered judgment for $25,000. Plaintiff's petition for review to the Supreme Court of Puerto Rico on the ground that the judgment was inadequate in the light of the findings was denied without opinion.

If the court rule requiring a finding of specific facts means anything, it must mean that in the judgment, which is its ultimate conclusion, the court cannot disregard or ignore any fact thus found. The several items of damages recited by the court were all proper and

---

* Sitting by Assignment.

1. A small amount of these past earnings may have been paid for, but the amount, if any, was not shown, and is inconsequential for present purposes.

2. Our function is to determine whether the Supreme Court erred in denying review, not to review the superior court ourselves.

cumulative.[3] We can discover no way of reconciling the individual findings with the judgment. The defendant's statement that the trial court "did not have to explain [its] mental process" is hardly sufficient. We can only think that plaintiff failed to make his point clear to the Supreme Court.

Judgment will be entered vacating the order of the Supreme Court of Puerto Rico and directing it to grant a review.

---

3. A comparable example is to be found in the decision of Judge Friendly sitting in the District Court for the Southern District of New York, Robillard v. A. L. Burbank & Co., Ltd., 1960, 186 F.Supp. 193.